UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Miller<br>1601 Allegheny Street, Apt 8<br>Holidaysburg, PA 16648<br><br>             Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile<br>Insurance Company<br>One State Farm Plaza<br>Bloomington, IL 61710<br><br>             Defendant. | #_____ |

## COMPLAINT

### PARTIES

1. Plaintiff, James Miller, is a resident and citizen of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, State Farm Mutual Automobile Insurance Company, was at all times material hereto, an insurance company duly authorized and licensed to practice its profession by the State of Illinois. Defendant was engaged in the practice of providing automobile insurance policies, including, but not limited to, motor vehicle liability policies. These policies would also occasionally provide underinsured and uninsured motorist coverage.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and subject matter in this civil action. Plaintiff is a citizen of Pennsylvania, and Defendant, upon information and belief, is a corporate entity with its principal place of business in Illinois. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) (1) and (2), in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred.

## FACTS

5. On or about November 21, 2016, at approximately 11:30 a.m., Plaintiff was the operator of a motor vehicle that was traveling on Plank Road at or near the intersection of Patchway Drive, Duncansville PA 16625.

6. At the same date and time, Wendy Gill (hereinafter, "the tortfeasor"), was the operator of a motor vehicle that was traveling on Plank Road at or near Plaintiff's vehicle.

7. At or about the same date and time, the tortfeasor's vehicle collided with Plaintiff's vehicle.

8. The aforesaid motor vehicle collision was the direct result of the tortfeasor negligently and/or carelessly operating his vehicle in such a manner so as to rear-end Plaintiff's vehicle.

9. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of the tortfeasor and not the result of any action or failure to act by the Plaintiff.

10. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries as set forth more fully below.

## COUNT I
### James Miller v. State Farm Mutual Automobile Insurance Company
### Underinsured Motorists Coverage

11.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

12.     The negligence or carelessness of the tortfeasor, which was the direct and sole cause of the motor vehicle collision and of the injuries and damages sustained by Plaintiff, consisted of, but was not limited to, the following:

   a..  Operating her vehicle into Plaintiff's lane of travel;
   b.   Failing to maintain proper distance between vehicles;
   c.   Operating said vehicle in a negligent or careless manner so as to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;
   d.   Failing to have said vehicle under proper and adequate control;
   e.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;
   f.   Violation of the "assured clear distance ahead" rule;
   g.   Failure to keep a proper lookout;
   h.   Failure to apply brakes earlier to stop the vehicle without causing a motor vehicle collision;
   i.   Being inattentive to her duties as an operator of a motor vehicle;
   j.   Disregarding traffic lanes, patterns, and other devices;
   k.   Driving at a high rate of speed that was dangerous for the conditions;
   l.   Failing to remain continually alert while operating said vehicle;
   m.   Failing to perceive the highly apparent danger to others that his actions or inaction posed;

    n.    Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    o.    Failing to exercise ordinary care to avoid a collision;

    p.    Failing to be highly vigilant and maintain sufficient control of her vehicle and to bring it to a stop on the shortest possible notice;

    q.    Operating her vehicle with disregard for the rights of Plaintiff, even though the tortfeasor was aware of or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

    r.    Continuing to operate her vehicle in a direction towards Plaintiff's vehicle when her saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision; and

    s.    Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles.

13.    As a direct result of the negligent or careless conduct of the tortfeasor, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including neck and shoulder injuries.

14.    These injuries are permanent in nature and are to Plaintiff's great financial detriment and loss. As a result of these injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer great anguish, sickness, and agony.

15. As an additional result of the carelessness or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a further result of the aforesaid physical injuries, Plaintiff has in the past undergone, is presently undergoing, and may in the future undergo a great loss of earnings or earning capacity, all to Plaintiff's further loss and detriment.

17. Upon information and belief, at the time of the motor vehicle collision in this case, the tortfeasor's motor vehicle insurance policy or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the collision and/or for other damages and expenses related thereto.

18. At the date and time of the aforementioned motor vehicle collision, Plaintiff was the operator of a motor vehicle that was covered by a policy of insurance under Policy Number 294 5661-C01-38. This policy included coverage for underinsured motorist coverage applicable to Plaintiff.

19. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____
Amanda Nese, Esquire
PA Bar ID # 318981
Simon & Simon, P.C.
707 Grant Street, Suite 1200
Pittsburgh, PA 15219
412-404-6642